UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 18-12317-RGS

CAROLYN GELINEAU and JAMES W. GELINEAU

v.

THE BANK OF NEW YORK MELLON AS TRUSTEE FOR THE BENEFIT
OF THE CERTIFICATEHOLDERS OF THE CWABS 2004-5 and
GREEN TREE SERVICING, LLC

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO DISMISS

January 16, 2019

STEARNS, D.J.

Carolyn and James Gelineau brought this lawsuit in Norfolk Superior Court against the Bank of New York Mellon (BNY Mellon)[1] and Green Tree Servicing, LLC, seeking to enjoin a foreclosure sale of their property. They allege that defendants violated Mass. Gen. Laws ch. 244, § 35A (Count I) and Chapter 93A (Count II) by failing to provide notice of the right to cure their mortgage loan default before acceleration and foreclosure. BNY Mellon

---

[1] BNY Mellon is a Trustee, acting on behalf of Registered Holders of CWABS, Inc., Asset-Backed Certificates, Series 2004-5, not "2004-05" as mislabeled in the Complaint.

removed the case to the federal district court on diversity grounds[2] and now moves to dismiss both counts for failure to state a claim.[3] For the reasons to be explained, BNY Mellon's motion to dismiss will be allowed.

## BACKGROUND

The facts, viewed in the light most favorable to the Gelineaus as the nonmoving party, are as follows. On November 26, 2003, the Gelineaus borrowed $256,800 from Intervale Mortgage Corporation to purchase their residential property at 15 Cottage Street in Plainville, Massachusetts. Compl., Ex. B. BNY Mellon subsequently became the holder of the note and mortgage, and Green Tree became the thirty-party loan servicer.

In April of 2015, the Gelineaus received a letter from Green Tree's counsel notifying them that their mortgage was being accelerated. Compl., Ex. A. They allegedly did not receive any correspondence "prior to" that

---

[2] The Gelineaus are Massachusetts residents. BNY Mellon is a citizen of New York. Green Tree, which now operates as Ditech Financial, LLC, is an LLC with a principal place of business in New Hampshire. None of its members are citizens of Massachusetts. Not. of Rem. (Dkt # 1) ¶ 4.

[3] Although the Gelineaus have not opposed BNY Mellon's motion, the court proceeds to analyze the merits of the Complaint. *See Pomerleau v. W. Springfield Pub. Sch.*, 362 F.3d 143, 145 (1st Cir. 2004) ("When deciding a 12(b)(6) motion, 'the mere fact that a motion to dismiss is unopposed does not relieve the district court of the obligation to examine the complaint itself to see whether it is formally sufficient to state a claim.'"), quoting *Vega-Encarnacion v. Babilonia*, 344 F.3d 37, 41 (1st Cir. 2003).

letter affording them the statutorily required 150-day right to cure the default. Compl. ¶ 5. At the end of September of 2018, Carolyn, but not James, received a separate letter from Green Tree's counsel, stating that their property would be foreclosed on October 30, 2018. On October 29, 2018, the Gelineaus initiated this lawsuit in Norfolk Superior Court to enjoin the foreclosure sale scheduled for the following day.

## DISCUSSION

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Two basic principles guide the court's analysis. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. A claim is facially plausible if its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

Here, in Count I, the Gelineaus allege that defendants "failed to fulfill conditions precedent to a valid foreclosure by accelerating the note without having first sent a written, 150-day right to cure in accordance with" Mass.

3

Gen. Laws ch. 244, § 35A. Compl. ¶ 6; *see U.S. Bank Nat. Ass'n v. Schumacher*, 467 Mass. 421, 432 (2014) ("[W]here a homeowner who is facing foreclosure claims that the mortgage holder has failed to provide timely and adequate written notice of the right to cure the default in payment of the mortgage, in violation of § 35A, the homeowner may file an equitable action in Superior Court seeking to enjoin the foreclosure."). BNY Mellon responds by arguing that this claim is not facially plausible and purely speculative. BNY Mellon contends that, even assuming that no Section 35A notice was sent or received "prior to" April of 2015, Compl. ¶ 5, the Complaint does not allege that "no Section 35A notice was sent at any time *after*" April of 2015. Mem. (Dkt # 9) at 7 (emphasis in original). And since the foreclosure sale was not scheduled until October 30, 2018, defendants had "ample time *after* April 2015 within which to provide (another) notice in compliance with Section 35A, wait until the cure period expired, and then commence foreclosure." *Id.* at 8 (emphasis in original).

I agree with BNY Mellon that the Gelineaus have not sufficiently pled a Section 35A violation. *See S.E.C. v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010) ("If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal."). And even assuming the

4

Gelineaus have pled a plausible claim, Count I fails for the additional reason that judicially noticeable public records reveal that proper notice was provided to them.[4] In a Servicemembers Civil Relief Act (SCRA) action brought in the Massachusetts Land Court, Green Tree attested, in an affidavit, that notices had been given to both Carolyn and James in compliance with Section 35A. Mem. (Dkt # 9), Ex. B. The notices attached to the affidavit were sent on October 6, 2014, over 150 days before the April 2015 letter that forms the basis for Gelineaus' claims. *Id.* The court, therefore, must dismiss Count I.[5]

In Count II, the Gelineaus allege that defendants' failure to adhere to Section 35A and 209 C.M.R. 18.21A(c) constitutes a violation of Mass. Gen. Laws ch. 93A. Compl. ¶ 8. Having already dismissed Count I, Count II must also be dismissed because it is wholly derivative. *See Pembroke Country Club, Inc. v. Regency Sav. Bank, F.S.B.*, 62 Mass. App. Ct. 34, 40 (2004) (dismissing Chapter 93A claim as "wholly derivative of the [insufficient]

---

[4] The court may consider public records. *See Lydon v. Local 103, Int'l Bhd. of Elec. Workers*, 770 F.3d 48, 53 (1st Cir. 2014) ("On a motion to dismiss, . . . a judge can mull over 'documents incorporated by reference in [the complaint], matters of public record, and other matters susceptible to judicial notice.'") (citation omitted and second alteration in original).

[5] Having so concluded, the court need not reach BNY Mellon's additional arguments that (1) Count I is time-barred and (2) that its efforts, even as alleged, satisfy the purpose of Section 35A.

tortious interference claim); *Murphy v. Nat'l Grange Mut. Ins. Co.*, 2014 WL 5307671, at *6 (D. Mass. 2014) ("Summary judgment as to the underlying contract claim forecloses a derivative chapter 93A claim."). The Gelineaus' Chapter 93A claim also fails because they did not plead compliance with the statutorily mandated 30-day written demand letter, which is a prerequisite to suit. *See Kanamaru v. Holyoke Mut. Ins. Co.*, 72 Mass. App. Ct. 396, 407-408 (2008) ("Not only must such a letter be sent, but a plaintiff must also plead that he has complied with this requirement as a prerequisite to suit."); *Spring v. Geriatric Auth. of Holyoke*, 394 Mass. 274, 287 (1985) ("We have often held that '[a] demand letter listing the specific deceptive practices claimed is a prerequisite to suit and as a *special element must be alleged and proved*.'") (emphasis in original), quoting *Entrialgo v. Twin City Dodge*, 368 Mass. 812, 812 (1975).

**ORDER**

For the foregoing reasons, BNY Mellon's motion to dismiss is ALLOWED. The Clerk will enter judgment for defendants and close the case.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE